**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DARWIN QUINN and MITCHELLE'L SIUM, <br><br> Plaintiffs, <br><br>           v. <br><br> ROLAND POWELL P/K/A "LIL DUVAL" and RICH BROKE ENTERTAINMENT, LLC, <br><br> Defendants. | Civil Action No. <br> 1:21-cv-03163-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants Roland Powell (professionally known as "Lil Duval") and Rich Broke Entertainment, LLC's (RBE) motion to dismiss [ECF 12]. After careful review of the parties' briefing, the Court **GRANTS** Defendants' motion.

**I.     BACKGROUND**

The Court accepts the following facts as true for purposes of this motion.[1] On January 25, 2017, Plaintiffs Darwin Quinn and Mitchelle'l Sium co-wrote and

---

[1]  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

recorded a song with Powell that they entitled *Back N Forth*.[2] Sometime after that date, Powell collaborated with a producer, Corey "Mr. Hanky" Dennard, to re-record Powell performing "the hook" to *Back N Forth*.[3] Mr. Hanky then added a beat he created and an additional composition to the new recording.[4] This new version was named *Smile (Living My Best Life)* ("*Smile*" herein) and was commercially released by Empire Distribution, Inc.[5] Plaintiffs did not receive any payment or accounting for Defendants' reproduction, distribution, creation of derivative works, or performances and digital performances of *Smile*.[6]

On August 4, 2021, Plaintiffs filed a Complaint against Defendants requesting declaratory and equitable relief for Defendants' alleged exploitation of the jointly-owned song.[7] Plaintiffs assert three claims for relief: (1) declaratory judgment, (2) accounting, and (3) constructive trust.[8]

---

2   ECF 1, ¶ 13.

3   *Id.* ¶ 15.

4   *Id.*

5   *Id.*

6   *Id.* ¶ 16.

7   *See generally id.*

8   *Id.*

On December 7, 2021, Defendants moved to dismiss the Complaint for failure to state a claim.[9] On January 27, 2022, Plaintiffs opposed the motion.[10] On February 18, Defendants filed a reply.[11]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads the factual content necessary for the court to draw

---

[9]  ECF 12.

[10] ECF 16.

[11] ECF 20.

the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

Defendants move to dismiss the Complaint for failure to state a claim.[12] They argue that Plaintiffs' attempt to allege authorship of *Smile* by claiming co-authorship of and contributions to *Back N Forth* is legally insufficient.[13] Defendants also contend that Plaintiffs did not sufficiently allege that all putative co-authors of *Smile* intended to be co-owners of the song,[14] and that Plaintiffs' accounting and

---

[12]   ECF 12.

[13]   *Id.* at 7–9, 11–14.

[14]   *Id.* at 10–11.

constructive trust claims must fail because they are derivative of Plaintiffs' first claim.[15]

Plaintiffs respond that they have adequately pled facts alleging their contribution to *Smile*.[16] Plaintiffs further state that they intended for *Smile* to be a revised version of *Back N Forth*; thus, they always intended to be co-owners of the final version of the song *Smile*.[17] Further, Plaintiffs maintain that they are entitled to an accounting and funds in trust as a result of their co-ownership of *Smile*.[18] Plaintiffs also argue that if their first claim is dismissed, they are still entitled to a *pro rata* share of the profits of *Smile* for the portions of the song incorporated from *Back N Forth*.[19]

### a. Claim 1: Declaratory Judgment

Plaintiffs allege that they are entitled to a declaration of rights as co-owners of the song *Smile*.[20] Co-owners to a joint work are "treated generally as tenants in common, with each co[-]owner having an independent right to use or license the

---

[15] *Id.* at 14–16.
[16] ECF 16, at 4.
[17] *Id.* at 7.
[18] *Id.* at 13.
[19] *Id.* at 14.
[20] ECF 1, ¶ 24.

use of a work." *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007). Notably, Plaintiffs in this case are not asserting a claim for copyright infringement against Defendants.[21] Instead, at issue in this case is whether the song *Smile* is a joint work co-owned by all putative co-authors.[22]

Plaintiffs claim they are joint owners and co-authors of *Smile* under the federal Copyright Act.[23] The Copyright Act defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Distinctly, "[a] work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'." *Id.* The Eleventh Circuit has held that a work that is "sufficiently original" is a derivative work that will qualify for a separate copyright, even if based on an underlying work. *Montgomery v. Noga*, 168 F.3d

---

[21] A co-owner of a copyright has several rights, including the right "to prepare derivative works based upon the copyrighted work," 17 U.S.C. § 106(2), as well as the right to unilaterally "grant a non-exclusive license to use the work," *Davis*, 505 F.3d at 100 (emphasis omitted). *See also Meredith v. Smith*, 145 F.2d 620, 621 (9th Cir. 1944). It follows that a co-owner cannot be liable to another co-owner for infringement of the copyright. *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984).

[22] ECF 1, ¶ 20.

[23] ECF 16, at 3.

1282, 1289–90 (11th Cir. 1999). For a work to satisfy the originality requirement, "all that must be shown is that the work possess at least some minimal degree of creativity . . . . To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice." *Id.* at 1290 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)). The Copyright Act further clarifies that "where [a] work has been prepared in different versions, each version constitutes a separate work." 17 U.S.C. § 101.

Defendants contend that, even if Plaintiffs co-own the song *Back N Forth*, the song *Smile* is, at most, a derivative work of *Back N Forth*. Thus, Defendants argue that, as a matter of law, the alleged joint authorship in the prior work *Back N Forth*, standing alone, would be insufficient to make Plaintiffs joint authors of the derivative work *Smile*.[24] The Court agrees. Finding that "joint authorship of prior existing works automatically makes . . . joint authors co-owners of the derivative work" would "stand[ ] copyright law on its head." *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2d Cir. 1989) (holding that derivative versions of a work are not automatically converted into joint works based solely upon the fact that they incorporate jointly authored preexisting works); *see also* 17 U.S.C. § 103(b)

---

24   ECF 12-1, at 11–14.

("The copyright in [a derivative] work is independent of . . . any copyright protection in the preexisting material."). Instead, whether the author of the underlying work is also the author of the derivative work is a question of fact. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1989) ("Authorship is a question of fact."); *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 110 (2d Cir. 2002); *Gaylord v. United States*, 595 F.3d 1364, 1377 (Fed. Cir. 2010).

Plaintiffs asserting a co-authorship claim "bear[ ] the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors." *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000). Despite Defendants' argument to the contrary, Plaintiffs satisfy this first prong: Plaintiffs adequately plead that Quinn and Sium each made independently copyrightable contributions to *Back N Forth*.[25] Plaintiffs then allege that their contributions to *Back N Forth* established clearly copyrightable contributions to *Smile*.[26] Both sides agree that Defendant Powell made sufficient contributions to *Smile* to be a co-author.[27] And Plaintiffs clearly state that Mr.

---

[25]  ECF 1, ¶ 13, 15.

[26]  *Id.*

[27]  *Id.*; ECF 12-1.

Hanky also contributed to *Smile* by creating the beat.[28] *See, e.g., Erickson*, 13 F.3d at 1068 ("[A]n example of interdependent parts are the lyrics and music for a song.").

But Plaintiffs cannot establish the necessary second element. They failed to allege that each of the putative co-authors ***intended*** to be joint owners of *Smile*. While Plaintiffs state that "Plaintiffs and Defendant Powell each manifested an intent to be co-writers of the Song," Plaintiffs are silent as to the intentions of Mr. Hanky, who was also a contributor to *Smile*. *Thomson*, 147 F.3d at 200 ("[C]laimant bears the burden of establishing that ***each*** of the putative co-authors . . . fully intended to be co-authors.") (emphasis added); *Aalmuhammed*, 202 F.3d at 1234; *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1068–69 (7th Cir. 1994). Thus, because Plaintiffs failed to allege that all putative co-authors of *Smile* intended to be joint owners, Plaintiffs failed to state a claim of joint ownership.

### b. Claims 2 & 3: Equitable Relief

The Court agrees with Defendants that Claims 2 and 3 also fail to state a claim for relief because they are based on the premise that Plaintiffs are co-authors of *Smile*. Plaintiffs are not entitled to an accounting or a constructive trust for the

---

[28] ECF 1, ¶ 15.

co-ownership of *Smile* because Plaintiffs did not sufficiently allege the necessary facts to demonstrate co-ownership of *Smile*.

Even if this Court construes Plaintiffs' Complaint as asserting a claim for equitable relief for Plaintiffs' share of the proceeds that derives from the alleged exploitation of their work—not simply the co-ownership of the work–the Court declines to extend subject matter jurisdiction over such a claim. *See* 28 U.S.C. § 1367(c)(3) (A federal court may decline to exercise supplemental jurisdiction in cases where the "court has dismissed all claims over which it has original jurisdiction."). The general consensus is that an accounting claim does not arise under the Copyright Act, and thus "must be asserted in a state-court action." *Burruss v. Zolciak-Biermann*, No. 1:13-CV-789-WSD, 2013 WL 5606667, at *4 (N.D. Ga. Oct. 11, 2013) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). Several courts have found that when the only issue before the court is the equitable "division of profits from the copyrighted work, there is no issue of copyright law and the suit . . . arises under state rather than federal law." *Gaiman v. McFarlane*, 360 F.3d 644, 652 (7th Cir. 2004); *Burruss*, 2013 WL 5606667, at *4. Therefore, to the extent that Plaintiffs' claims are for equitable relief based on the alleged exploitation of *Back N Forth* into the derivative song *Smile*, they must be asserted in state court.

## IV. CONCLUSION

Defendants' motion to dismiss [ECF 12] is **GRANTED.** Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are granted leave to file an Amended Complaint that seeks to cure the deficiencies outlined herein within 14 days after entry of this Order. If Plaintiffs do not file an amended complaint within 14 days, the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 25th day of May, 2022.

Steven D. Grimberg
United States District Court Judge