IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARWIN QUINN and MITCHELLE'L SIUM, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION FILE |
| v. | ) NO. 1:22-cv-02404-SDG ) ) |
| ROLAND POWELL P/K/A "LIL DUVAL," COREY DENNARD, KINTA COX P/K/A/ "BALL GREEZY," CALVIN CORDOZAR BROADUS, JR. P/K/A "SNOOP DOGG," RICH BROKE ENTERTAINMENT, LLC, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, Darwin Quinn ("Quinn") and Mitchelle'l Sium ("Sium") (collectively, "Plaintiffs"), by and through undersigned counsel, and hereby file this Complaint against Defendants Roland Powell professionally known as "Lil Duval" ("Powell"), Corey Dennard (the performer known as "Mr. Hanky"), Kinta Cox professionally known as "Ball Greezy" ("Cox"), Calvin Cordozar Broadus, Jr. professionally known as "Snoop Dogg" ("Broadus") and Rich Broke Entertainment, LLC ("RBE") (collectively "Defendants"), alleging the following:

## PARTIES

1.

Quinn is an individual resident of the state of Georgia located at 5435 Rosehall Place, Atlanta, Georgia 30349.

2.

Sium is an individual resident of the state of California located at 1141 Seward Street, Hollywood, California 90038.

3.

Powell and Mr. Hanky are individual residents of the state of Georgia. Powell's residence is located at 1804 Christopher Drive, Conyers, Georgia 30094. Mr. Hanky's residence is located at 2674 Crestdale Circle SE, Atlanta, GA, 30316.

4.

Cox is an individual resident of the state of Florida.

5.

Broadus is an individual resident of the state of California to the best of Plaintiff's good faith knowledge and belief.

6.

RBE is a Florida limited liability company, and may be served through its registered agent, Roland Powell, at 2012 Medinah Lane, Green Cove Springs, FL 32043.

## JURISDICTION AND VENUE

7.

Plaintiffs' first claim for relief arises under the copyright laws of the United States, 17 U.S.C. §101 *et seq*. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

8.

This Court has personal jurisdiction over Defendants on the grounds that the events giving rise to the claims in this Second Amended Complaint occurred in Atlanta, Georgia where the Song, as defined below, was composed, compiled and produced.

9.

This Court has personal jurisdiction over RBE based on RBE's substantial, continuous, and systematic activities and business ties with Powell in this State and judicial district directly related to the claims asserted herein.

10.

This Court's exercise of personal jurisdiction over Defendants in this action is consistent with the Georgia's long-arm statute and traditional notions of fair play and substantial justice.

11.

Venue is proper in this District pursuant to 28 USC §1391(b) and (c) and §1400(a). All or a substantial part of the events or omissions giving rise to the claim occurred here.

**FACTS COMMON TO ALL COUNTS**

12.

Sium is a professional singer and songwriter.

13.

Quinn is a professional music writer and producer. He creates musical tracks and also produces master recordings for recording artists and record labels for commercial exploitation and sale.

14.

At the time of the occurrences, which are the subject of this lawsuit, both Plaintiffs were friends of Powell.

15.

Prior to January 25, 2017, Powell told Quinn that he would like to create a song based on the song "Curious," recorded by the artist Midnight Star, a song which he liked. "Curious" was written by Boaz Watson, Bobby Lovelace and Melvin Gentry.

16.

On January 25, 2017, Powell was at Quinn's home in Atlanta, Georgia. During that time, Quinn wrote and recorded an instrumental track which incorporated a sample of the musical sound recording "Curious" per Powell's request, and Sium and Powell co-wrote and recorded words and melody onto the track, which they entitled "Back n Forth." All parties intended to co-own the new work, including its "hook" (the repeated chorus) at the time of its joint creation by them.

17.

While recording "Back n Forth," Powell live-streamed audio and video from the recording session from his phone on Instagram, and Plaintiffs also recorded video footage the session on their phones. Broadus, who, at the time was an Instagram follower of Sium, interrupted the recording session when he reached out to Powell via a Facetime call, to discuss the song. Powell posted the clip on his Instagram account, featuring the recording session and showing both Sium and Quinn.

18.

Sometime after January 25, 2017, Powell went to a well-known producer, Mr. Hanky, who follows Powell on Instagram and was aware of the recording that Plaintiffs had made and Powell had posted. Powell requested that Mr. Hanky create

a different instrumental track incorporating the "Back n Forth" sample from "Curious" that had been posted on Instagram. Mr. Hanky created the instrumental sound recording (the "Beat"), and Powell recorded two words onto it, which he repeated throughout: "Smile, bitch."

19.

As Broadus had liked "Back n Forth," Powell sent the Beat (featuring his added two words) to Broadus, and Broadus wrote and recorded a verse onto it. Powell then went back to Mr. Hanky's studio, located in Atlanta, Georgia, and the two of them recorded the hook from "Back n Forth" onto the Beat containing Broadus's verse.

20.

It is Plaintiffs' good faith knowledge and belief that Powell sent the Beat to Cox and Cox wrote and recorded a verse onto it, which was submitted to Mr. Hanky at his studio, located in Atlanta, Georgia.

21.

Mr. Hanky's sound recording incorporating 1) Powell's performance of the "Back n Forth" hook, 2) Back n Forth's "Curious" sample and 3) Cox's and Broadus's verses over Mr. Hanky's contributed beat was renamed "Smile (Living My Best Life)." "Smile (Living My Best Life)" was commercially released by

Empire Distribution, Inc., including but not limited to digital audio transmission, and it became a huge hit.

22.

Broadus, Cox and Mr. Hanky each manifested an intent to be co-writers of the composition "Smile (Living My Best Life)" (the "Song") with Plaintiffs and Defendants, and, indeed, each of them was subsequently credited as a co-writer along with Powell and Cox – but not Plaintiffs.

23.

Powell invited Plaintiffs to be in the music video (the "Video") for the Song, to be recorded at Defendant Broadus's studio compound in California. However, when Plaintiffs arrived, Powell informed them that the shoot had ended for the day, but Plaintiffs conversed with Powell and Broadus about the Song and the shoot. Powell told the Plaintiffs that the shoot would conclude at Venice Beach on the following day, and again invited them to participate in the Video. Although the next morning Powell informed Sium that he would call him when it was time for the shoot, he failed to do so, and Plaintiffs later saw a video on Instagram of Powell shooting the Video without them.

24.

Defendants have failed to rectify Plaintiffs' notices that they have not been paid or accounted to for Defendants' reproduction, distribution, creation of derivative works, performances and digital performances of the Song.[1]

25.

Defendants have continued their sales of "Smile (Living My Best Life)" and retained funds from such sales without payment of any proceeds to Plaintiffs, in violation of Plaintiffs' rights.

26.

Plaintiffs and Powell co-own the copyrights of the composition of "Back n Forth," as registered in Registration No. SRu001412114 with the U.S. Copyright Office. A copy of this registration is attached as Exhibit A.

**FIRST CLAIM FOR RELIEF**
**(For Declaratory Judgment against all Defendants)**

27.

Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

---

[1] It is Plaintiffs' good faith understanding that Defendants failed to obtain a license for their sample of Midnight Star's "Curious" prior to the release of the Song, but negotiated it after the fact - when the "Curious" writers found out about the sample. Boaz Watson, Bobby Lovelace and Melvin Gentry are all now credited and paid as co-writers of the Song.

8

28.

An actual and present controversy now exists between Plaintiffs and Defendants regarding Plaintiffs' status as co-writers of the Song. Defendants have denied recognition of Plaintiffs' status as co-writers of the composition of the Song, which entitles Plaintiffs to writer credits and a share of the monies generated from the exploitation of the Song.

29.

Plaintiffs contend that they are co-writers with Defendants of the composition of the Song. Plaintiffs and Defendants each jointly contributed separate and distinct copyrightable chord progressions, melody, and rhythm to the Song.

30.

Plaintiffs and Defendants each manifested an intent to be co-writers of the Song, and worked together jointly to create the Song. Plaintiffs and Defendants intended that their separate contributions be merged into inseparable or interdependent parts of a unitary composition.

31.

Plaintiffs contributed significantly to the Song, including composing the melody, rhythm and lines of the hook which repeats throughout the Song, which is considered to be the most important and memorable part of a song. Plaintiffs were responsible for directing the tempo reflected in the final sound recording of the Song.

32.

An actual and present controversy exists regarding the parties' respective rights to the Song. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration of rights as follows: (a) Plaintiffs are co-writers of the composition entitled "Smile (Living My Best Life);" (b) Plaintiffs are entitled to a co-writer credit on the copyright to the Song and on subsequently released versions of the Song; and (c) Plaintiffs are entitled to prospective and retroactive royalties and other money owed with respect to their interest in the Song.

**SECOND CLAIM FOR RELIEF**
**(For Accounting against all Defendants)**

33.

Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

34.

Plaintiffs, as joint authors and co-owners of the copyright of the composition of the Song are entitled to their *pro rata* share of the profits that Defendants have enjoyed from the exploitation of the Song.

35.

By commercially exploiting the Song without accounting to Plaintiffs for profits, Defendants have wrongfully deprived Plaintiffs of their rightful share of income therefrom.

36.

Defendants are in sole control of the books and records needed to ascertain the amounts due to Plaintiffs pursuant to their special relationship as joint authors and co-owners of the composition of the Song. Plaintiffs have no means by which they can assemble the information necessary to calculate what is owed to them by Defendants.

37.

Plaintiffs are entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from the exploitation of the Song and all sums due to Plaintiffs, and to pay Plaintiffs the sums shown due by such accounting.

### THIRD CLAIM FOR RELIEF
### (For Constructive Trust against all Defendants)

38.

Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

39.

By virtue of the foregoing, any interest that Plaintiffs have in the Song, and any and all profits received by Defendants from the commercial exploitation of the Song, are the property of Plaintiffs and Defendants in equal shares.

40.

Defendants wrongfully deprived Plaintiffs of their share of the profits that they have enjoyed from the commercial exploitation of the Song.

41.

By virtue of Defendants' acts, Defendants hold two-thirds of the profits derived from the exploitation of the Song as constructive trustees for the benefit of Plaintiffs.

42.

Plaintiffs are entitled to immediate possession of their *pro rata* share of the profits held by Defendants as constructive trustees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. That the Court declare that as follows: (a) Plaintiffs are joint authors of the composition entitled "Smile (Living My Best Life)"; (b) Plaintiffs are entitled to cowriter credits to the composition entitled "Smile (Living My Best Life)", and on

subsequently released versions of "Smile (Living My Best Life)"; and (d) Plaintiffs are entitled to prospective and retroactive royalties and other money owed with respect to their respective interest in the composition entitled "Smile (Living My Best Life)" in a percentage to be proven at trial;

2. That the Court order an accounting of all revenues derived from the exploitation of the Song by Defendants;

3. That the Court impose a constructive trust over the proceeds from the exploitation of the Song pending the final disposition of this action;

4. That Plaintiffs be awarded their reasonable attorney's fees and costs pursuant to Section 505 of the U.S. Copyright Act (17 U.S.C. § 505); and

5. For such other and further relief as the Court deems to be just and proper.

Respectfully submitted, this 26th day of June, 2023.

**GREENSPOON MARDER, LLP**

/s/ Alan S. Clarke, Esq.
Alan S. Clarke, Esq.
Georgia Bar No.: 128225
Greenspoon Marder LLP
Promenade II
1230 Peachtree Street, NE, Suite 1900
Atlanta, GA  30303
Tel: (470) 466-1701
Alan.Clarke@gmlaw.com

# EXHIBIT A

|  |  |
|---|---|
| **Registration #:** | SRu001412114 |
| **Service Request #:** | 1-8939650117 |

## Mail Certificate

Taylor English Duma LLP
Alan S. Clarke
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339 United States

|  |  |  |  |
|---|---|---|---|
| **Priority:** | Special Handling | **Application Date:** | June 17, 2020 |

## Correspondent

|  |  |
|---|---|
| **Organization Name:** | Taylor English Duma LLP |
| **Name:** | Alan S. Clarke |
| **Email:** | aclarke@taylorenglish.com |
| **Telephone:** | (770)434-6868 |
| **Address:** | 1600 Parkwood Circle |
|  | Suite 200 |
|  | Atlanta, GA 30339 United States |

**Registration Number**
# SRu 1-412-114
**Effective Date of Registration:**
June 17, 2020
**Registration Decision Date:**
June 18, 2020

## Title

    **Title of Work:** Back n Forth and 1 Other Unpublished Work

    **Content Title:** Back n Forth

    Drop It Off

## Completion/Publication

    **Year of Completion:** 2017

## Author

-     **Author:** Mitchelle'l Sium
  **Author Created:** Sound Recordings and Musical Works (with or without lyrics)
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1980

-     **Author:** Roland Powell
  **Author Created:** Sound Recordings and Musical Works (with or without lyrics)
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1977

-     **Author:** Darwin Quinn
  **Author Created:** Sound Recordings and Musical Works (with or without lyrics)
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1987

## Copyright Claimant

|  |  |
|---|---|
| **Copyright Claimant:** | Mitchelle'l Sium |
| | 5435 Rosehall Place, Atlanta, GA, 30349, United States |
| **Copyright Claimant:** | Roland Powell |
| | 235 Pine St FL 24, San Francisco, CA, 94104-2726, United States |
| **Copyright Claimant:** | Darwin Quinn |
| | 5435 Rosehall Place, Atlanta, GA, 30349, United States |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Taylor English Duma LLP |
| **Name:** | Alan S. Clarke |
| **Email:** | aclarke@taylorenglish.com |
| **Telephone:** | (770)434-6868 |
| **Address:** | 1600 Parkwood Circle |
| | Suite 200 |
| | Atlanta, GA 30339 United States |

## Certification

| | |
|---|---|
| **Name:** | Alan S. Clarke, Authorized agent |
| **Date**: | June 17, 2020 |

| | |
|---|---|
| **Copyright Office notes:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| | Regarding title information: Group title amended by Copyright Office. |