IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARWIN QUINN and MITCHELLE'L SIUM,

    Plaintiffs,

v.

ROLAND POWELL P/K/A "LIL DUVAL,"
RICH BROKE ENTERTAINMENT, LLC, and
COREY DENNARD.

    Defendants.

Civil Action No.
1:21-cv-03163-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss [ECF 41], and Plaintiffs' motion to amend or alternatively, for an extension of time to respond to the motion to dismiss [ECF 46]. After careful consideration, the Court **GRANTS** Defendants' motion to dismiss for failure to join necessary parties and **DENIES** Plaintiffs' motion.

**I.   Background**

This case seeks to determine the ownership of the song *Smile (Living My Best Life)*. In January 2017, Plaintiffs Darwin Quinn and Mitchelle'l Sium co-wrote and recorded a song with Defendant Roland Powell which they entitled *Back N Forth*.[1] Sometime after that date, Defendant Powell and Defendant Corey "Mr. Hanky"

---

[1] *Quinn v. Powell*, Case No. 1:22-cv-02404 (N.D. Ga. 2022), ECF 10, ¶ 14.

Dennard, a producer, re-recorded Powell performing the "hook"[2] to *Back N Forth*.[3] Defendant Dennard then added a "beat"[4] he created and an additional composition to the new recording.[5] This new version was renamed *Smile (Living My Best Life)* (the Song) and was commercially released by Empire Distribution, Inc.[6] Plaintiffs did not receive any payment or accounting for Defendants' reproduction, distribution, creation of derivative works, or performances and digital performances of the Song.[7]

Plaintiffs filed their initial case in 2020 (the first complaint).[8] Defendants moved for judgment on the pleadings, after which Plaintiffs voluntarily withdrew their complaint.[9] Plaintiff filed this case in August 2021 (the second complaint).[10] Defendants moved to dismiss for failure to state a claim. The Court granted that

---

[2] The "hook" is a catchy combination of melody, lyrics and rhythm designed to "hook" a listener. *See* Tom Cole, *You Ask, We Answer: What's A Hook?*, NPR (Oct. 15, 2010, 6:52 PM), *available at* https://perma.cc/G2P2-FBY9.

[3] *Quinn v. Powell*, Case No. 1:22-cv-02404 (N.D. Ga. 2022), ECF 10, ¶ 17.

[4] A "beat" is defined as a regular, repeating pulse that underlies a musical pattern. *See Beats, Tempo, Rhythm and Bars*, MAKING MUSIC WITH MARSHALL (Oct. 29, 2019), *available at* https://perma.cc/XM4K-RKKN.

[5] *Quinn v. Powell*, Case No. 1:22-cv-02404 (N.D. Ga. 2022), ECF 10, ¶¶ 17–18.

[6] *Id.* ¶ 18.

[7] *Id.* ¶ 21.

[8] *Quinn v. Powell*, Case No. 1:20-cv-2604 (N.D. Ga. 2020).

[9] *Id.*, ECF 54.

[10] ECF 1.

2

motion, but also granted Plaintiffs leave to file an amended complaint within 14 days.[11] Instead of amending their complaint or moving for an extension of time, Plaintiff filed a third action in this Court, Case No. 1:22-cv-2404-SDG, which effectively operated as an untimely amended complaint (the third complaint).[12] But Plaintiffs were not done yet. In August 2022 they filed a "first" amended complaint (the fourth complaint) in the third action.[13] After realizing the procedural error, the Court consolidated the third action and the instant case. The "fourth" complaint filed in the third action thus became the operative complaint in *this* action. It is Plaintiffs' fourth attempt to state a claim.

Defendants filed the instant motion to dismiss in May 2023, arguing that this case should be dismissed for failure to join indispensable parties under Federal Rule of Civil Procedure 19.[14] According to Defendants, there are two additional co-owners of the Song, Cordozar Calvin Broadus, Jr. a/k/a "Snoop Dogg" and Kinta Cox, both of whom need to be joined since the primary purpose of this lawsuit is to determine ownership interests in the Song. However, Defendants

---

[11] ECF 22.

[12] Case No. 1:22-cv-2404-SDG, ECF 1. As part of that complaint, Plaintiffs added Dennard as a defendant. Dennard asserted a counterclaim against Plaintiffs for slander and attorneys' fees. *Id.*, ECF 26.

[13] *Id.*, ECF 10.

[14] ECF 41.

argue that this Court does not have personal jurisdiction over Broadus and Cox and thus, this case should be dismissed. Alternatively, they argue that the parties cannot be joined because the statute of limitations has expired.

Plaintiffs agree that Broadus and Cox, as co-owners of the Song, must be added to this suit in order for this Court to issue complete relief.[15] In response to the motion to dismiss, Plaintiffs filed a motion to amend their pleading yet again and add Broadus and Cox as parties, or alternatively, an additional extension of time to respond to the motion to dismiss.[16] For the reasons discussed below, the Court denies the motion to amend and grants the motion to dismiss.

## II.   Discussion

Plaintiffs' response to the motion to dismiss is lacking. First, their legal argument spans two-and-a-half pages and does not address the merits of the motion to dismiss. Instead, Plaintiffs seek leave to amend (yet again), or seek an extension of time to respond to the motion to dismiss should the Court deny the motion to amend.[17] That is an improper procedural route to seek an extension of

---

15   ECF 46-1, at 5.
16   ECF 46.
17   ECF 46-1.

time.[18] Notably, however, Plaintiffs agree that Broadus and Cox are necessary parties and seek leave to add them as defendants.[19]

Defendants oppose the motion to amend, arguing that an amendment would be futile because the Court does not have personal jurisdiction over Broadus and Cox and because it would not relate back to the initial complaint and thus, is time-barred.[20] Defendants also argue that the Court should deny the motion to amend because Plaintiffs exhibited undue delay in seeking to amend and add the necessary parties.[21] Dismissal without leave to amend is thus warranted, according to Defendants.

Plaintiffs briefly reply that the Court has personal jurisdiction over the non-parties and thus, joinder is feasible, so the case need not be dismissed.[22] Plaintiffs claim they had not attempted to add Broadus or Cox previously because they only discovered that Cox and Broadus have an ownership interest in the Song while

---

[18] Before filing their motion for leave to amend, Plaintiffs were granted a significant extension of time to respond to the motion to dismiss. [June 2, 2023 D.E.] And even while their second request for an extension has been pending, Plaintiffs did not at any point in the intervening months attempt to provisionally respond subject to the Court's ruling. Their alternative request for more time to respond to the motion to dismiss is denied.

[19] ECF 46-1, at 5.

[20] ECF 49, at 14.

[21] *Id.* at 16.

[22] ECF 50.

investigating Defendants' claims in the instant motion to dismiss.[23] Plaintiffs do not address Defendants' arguments concerning the statute of limitations, nor address the undue delay argument.

The Court finds that granting leave to amend would be futile and is not justified in light of Plaintiffs' undue delay. As for the motion to dismiss for failure to join necessary parties, the Court agrees that Broadus and Cox are necessary defendants in this action but finds that their joinder is not feasible because it would not relate back to the second complaint and the limitations period has otherwise expired.

### A. The motion to amend is denied because the amendment would be futile since joinder is not feasible, and because Plaintiffs exhibited undue delay.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. The rule also provides, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, granting leave to amend is not automatic. *Faser v. Sears Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may

---

[23] ECF 46-1, at 3–5.

choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1463–64 (11th Cir. 1998)).

"[A] motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (citation and internal quotation marks omitted). *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### 1. Plaintiffs unduly delayed.

Plaintiffs first initiated legal proceedings related to this controversy in 2020. That complaint was voluntarily dismissed by Plaintiffs. *This* action was initiated in August 2021.[24] The Court's analysis begins there.[25]

Refusal to grant leave to amend for undue delay need not be based on a party intentionally "seeking to cause undue delay" or on a party's "dilatory motive" as Plaintiffs suggest.[26] Instead, a court can deny a party's request for leave

---

[24] ECF 1.

[25] The undue delay analysis could arguably date back to the 2020 complaint since the operative question is why Plaintiffs failed to exercise due diligence in investigating their claims.

[26] ECF 46-1, at 5.

7

to amend if the asserted need was caused by the party's own lack of reasonable diligence. *Carruthers,* 357 F.3d at 1218 ("[The party seeking leave to amend did not] offer any explanation as to why she could not have discovered and pled [additional claims] in her original complaint or in her first amended complaint. We find that such unexplained tardiness constitutes undue delay."); *see also U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1322–23, 1338–39 (N.D. Ga. 2013) (finding undue delay where plaintiff had drafted three prior complaints over the course of nearly two years of litigation without discovering or asserting the new claims that the plaintiff was seeking to add and noting that the plaintiff did "not provide any explanation *why* he did not include Counts 7 and 8 in his original complaints, so the Court has no reason to conjure merit into his delay").

Plaintiffs offer the Court no reason to justify the need for further amendment other than their own lack of diligence. Plaintiffs' contention that they only recently discovered that Broadus and Cox assert an ownership interest in the Song is not credible.[27] And even assuming that is true, they have provided no explanation as to why they did not investigate such matters long ago. Suspiciously, Plaintiffs' *own complaint* (the fourth one) refers to Broadus as a "defendant" even though he is not

---

[27] ECF 46-1, at 3.

named in the caption as such. The complaint states that "*Defendant Mr. Broadus and Defendant Mr. Hanky each manifested an intent to be co-writers of the composition 'Smile (Living My Best Life)' (the "Song") with Plaintiffs and Defendant, and, indeed, each of them was subsequently credited as a co-writer along with Defendant Powell*—but not Plaintiffs."[28] The fact that Plaintiffs went so far as to refer to Broadus as a "defendant" but not name him as such in their complaint demonstrates that they knew more at the time then they are letting on now.

Furthermore, because this is a consolidated action, Plaintiffs' request to submit yet another amended complaint amounts to their fourth attempt to state a claim in *this* case, and their *fifth* attempt overall. Their argument that they "seek[ ] leave to amend the initial Complaint for a second time"[29] ignores the fact that they had previously voluntarily dismissed their original lawsuit and initiated a third suit as an end-around to missing the deadline to amend their dismissed complaint in *this* case.[30] The Court gave substantial indulgence and liberality in allowing Plaintiffs' claims to proceed after they inexplicably allowed that amendment

---

[28] Case No. 1:22-cv-2404-SDG, ECF 10, ¶ 19 (emphasis added). Plaintiffs' knowledge that Broadus was credited as a co-writer on the Song dates back to at least their "third" complaint filed in June 2022. Case No. 1:22-cv-02404-SDG, ECF 1, ¶ 19.

[29] ECF 46-1, at 6.

[30] *See* ECF 30.

deadline to lapse. This unnecessarily convoluted procedural history—attributable only to Plaintiffs—is relevant and significant to the Court's undue delay analysis.

Plaintiffs had nearly two years from the time they initiated the instant action in August 2021 (and three years from the time they filed the 2020 action) until the time Defendant filed its motion to dismiss in May 2023 to determine the ownership interests asserted by the proposed additional defendants and to realize the legal necessity of joining them in this action. Plaintiffs expressly knew at a minimum of Broadus's co-writing credit on the song for at least a year before Defendants moved to dismiss. Plaintiffs do not "offer any explanation as to why [they] could not have discovered and [joined the additional parties to their] original complaint" in August 2021, regardless of any potential statute of limitations issues at the time, or to subsequent complaints filed in June and August 2022. *See Carruthers*, 357 F.3d at 1218. The Court finds that Plaintiffs' explanation as to why Broadus and Cox were not joined as defendants earlier is not credible and thus "the Court has no reason to conjure merit into [this] delay." *Saldivar*, 972 F. Supp. 2d at 1338. The Court finds that Plaintiffs exhibited undue delay in seeking to amend their complaint to include Broadus and Cox as defendants.

### 2.     Amendment is futile.

A district court can deny an amendment that would be futile. *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (futility is grounds for denial of leave

10

to amend). Even if Plaintiffs had not unduly delayed in seeking to amend, for the reasons discussed below in Section B, the amendment in this case would be futile because it would not relate back to the initial complaint and the statute of limitations has expired.

### B. The motion to dismiss is granted for failure to join necessary parties.

Having denied leave to amend, the Court now turns to the motion to dismiss. But first, the reason for the Court's denial of Plaintiffs' alternative motion for an extension of time to respond to the motion to dismiss bears repeating. The Court previously granted Plaintiffs an extension to respond, giving them until June 26.[31] They did not do so. Instead, *on* June 26, they filed another request for an extension, this time in the *alternative* to their motion to amend. By filing that motion in the alternative rather than filing a separate motion for an extension, it necessarily meant that the Court would not rule on their extension request until it ruled on the motion to amend. And during this entire period in which the motion to dismiss has been pending, Plaintiffs failed, as most counsel wisely do, to file a provisional response pending the Court's approval of the extension request. Thus, the denial of their alternative motion for an extension of time is the risk Plaintiffs

---

[31] June 2, 2023 D.E.

took by choosing to litigate in this manner. Considering the history of this case, the Court finds no reason to grant them an extension now.

On the merits, Defendants argue that dismissal is appropriate under Fed. R. Civ. P. 12(b)(7) because Plaintiffs have failed to join indispensable parties under Rule 19. Rule 19 is used to join an absent party whose presence is necessary to fully protect the interests at issue in the suit. A Rule 19 analysis asks three questions. First, is the absentee necessary? Second, is joinder feasible? And third, if joinder is not feasible, should the Court dismiss the case or proceed without the absentee? Here, Broadus and Cox are necessary parties, their joinder is not practically feasible, and dismissal is appropriate.

### 1. Broadus and Cox are necessary parties.

Plaintiffs and Defendants agree that Broadus and Cox are necessary parties to this action. Under Rule 19(a)(1)(B), a necessary party is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). In other words, "[a] party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has

an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (citation omitted).

Such is the case here. Both sides agree that Broadus and Cox are "undeniably" necessary to this action as they have a rightful ownership interest in the Song.[32] In a case seeking to break down the respective ownership percentages in the Song and the profits derived therefrom, the Court cannot grant complete relief without the presence of all parties who claim an ownership interest. Therefore, the Court agrees that Broadus and Cox are necessary. *E.g., Lisseveld v. Marcus*, 173 F.R.D. 689, 694 (M.D. Fla. 1997), *aff'd sub nom. Enviro Response v. Marcus*, 268 F.3d 1066 (11th Cir. 2001) ("Since ownership of the trademark is the central issue in this case, [non-party with ownership interest] is a necessary party.").

### 2. Joinder is not feasible.

Having determined that Broadus and Cox are necessary to this action, the Court must determine whether joinder is feasible. It is not. Joining Broadus and Cox would require adding them as parties at this late stage. For the reasons discussed above, the Court declines to allow Plaintiffs to do so. Moreover, Defendants argue that the statute of limitations has run and thus, any amendment seeking to add a party would need to relate back to the second complaint or it

---

[32] ECF 46-1, at 5.

would be time barred.[33] Because the amendment would not relate back in this case, joinder is not feasible. Plaintiffs did not respond to this argument whatsoever.

Rule 15(c) governs when an amended pleading "relates back" to the date of a timely filed original pleading and is "thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p.A.*, 560 U.S. 538, 541 (2010). Specifically, Rule 15(c)(1)(C) governs relation back when a plaintiff is attempting to add or change a party. An amendment relates back where "within the Rule 4(m) [90]–day period for service after a complaint is filed, the newly named defendant 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Krupski*, 560 U.S. at 538.

Although the relation back provisions of Rule 15 are somewhat liberally applied, their purpose does not support relation back in cases where the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued. *See generally Hill v. United States Postal Serv.*, 961 F.2d 153 (11th Cir. 1992). A mistake in identity is a specific circumstance, often referring to cases where the wrong entity is named.

---

[33] ECF 49, at 14.

*Id.* (permitting *pro se* plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements). But "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 549. These rules must be applied carefully, for "[w]hen relation back is too liberally allowed the important policy reasons for limitations periods are circumvented." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998).

The proposed amendment adding Broadus and Cox would not relate back in this case. According to Defendants, and without objection from Plaintiffs, the statute of limitations expired in early 2020.[34] Thus, any addition of a defendant today would need to relate back to that date. First, there is no indication, nor do Plaintiffs argue, that Broadus or Cox *actually* knew about this suit. Second, there is no suggestion, nor do Plaintiffs argue, that they made a mistake about the *identity* of a defendant or nonparty. They *chose* to sue only Dennard and Powell. Plaintiffs' mistake stems either from their decision to sue only two co-owners in a case

---

[34] The statute of limitations for disputes over ownership of copyrightable material is 3 years under the Copyright Act. 17 U.S.C. § 507. The Song was created sometime in early 2017, meaning the three-year limitations period ran in early 2020.

seeking ownership rights, or their lack of basic due diligence in determining the Song's owners. And, the allegations themselves do not suggest any mistake in identity—this suit stems from the alleged wrongdoing of the named defendants, Dennard and Powell. In short, an amendment would not relate back here where there is no indication Broadus and Cox had actual notice about the suit within the Rule 4(m) service period for the second complaint, nor should have known that they would have been named as defendants but for a mistake in their identity.

The Court recognizes that feasibility generally refers to jurisdictional issues. But, "[i]n making the assessment whether an absent person can be feasibly joined, 'pragmatic concerns, especially the effect on the parties and the litigation'" is also critical. *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). Here, it makes sense to view the feasibility question through a slightly broader and far more practical lens. Joinder is not actually practicable here where it would result in immediate dismissal of the joined parties on statute of limitations grounds. Joinder of Broadus and Cox is, practically speaking, unfeasible. *See, e.g., Diaz v. Glen Plaid, LLC*, Case No. 7:13-cv-853-TMP, 2013 U.S. Dist. LEXIS 147266, *17 (N.D. Ala. October 11, 2013) (finding joinder not feasible where nonparty would immediately be dismissed on immunity grounds).

### 3. Broadus and Cox are indispensable parties.

Broadus and Cox are both necessary, but their joinder is not feasible as the statute of limitations has expired. Accordingly, the Court must determine whether to dismiss this case or proceed without the necessary defendants.

If a person should be joined as a "necessary" party under Rule 19(a)(1), but joinder is not feasible, the court "must then ascertain, applying the factors in Rule 19(b), whether the party is indispensable or if the litigation may continue in that party's absence." *Developers Sur. & Indem. Co. v. Harding Village, Ltd.*, No. 06–21267–CIV, 2007 WL 465519, at *3 (S.D. Fla. Feb. 9, 2007) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir.2003)). The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Court determines that dismissal is appropriate in this case. As to the first factor (and as discussed above), when seeking to determine ownership rights, rendering a judgment without all owners would prejudice the absent owners and be inadequate. A court cannot properly divide ownership rights amongst parties if co-owners are missing from the action. Such a judgment would divide up ownership yet have to omit the non-parties' interests and potentially prejudice everyone involved. As to the second factor, Plaintiffs provided no means by which to shape the relief or lessen potential prejudice when they seek ownership rights to a song without having joined all owners. In fact, Plaintiffs confirm that they are seeking a "breakdown of each party's respective ownership percentage in the Song and the profits derived from the same."[35] And finally, while Plaintiffs will likely not have an adequate remedy if this case is dismissed, as discussed above, that is due to their undue delay and lack of diligence in prosecuting this case. The Court therefore finds that Broadus and Cox are indispensable parties to this action and this case must be dismissed.

---

[35]   ECF 46-1, at 5.

**III.    Conclusion**

Defendants' motion to dismiss [ECF 41] is **GRANTED** and Plaintiffs' motion for leave to amend or extension of time to respond to the motion to dismiss [ECF 46] is **DENIED**. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over Defendant Corey Dennard's counterclaim. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Judge